607 A.2d 933

**Jay S. ROSS**

v.

**Inas M. ROSS.**

**No. 31, Sept. Term, 1992.**

Court of Appeals of Maryland.

June 19, 1992.

---

Harvey B. Steinberg, Kevin G. Hessler, Miller and Steinberg, Rockville, for petitioner.

Barbara J. Gorinson and Joseph, Greenwald & Laake, P.A., Greenbelt, for respondent.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

PER CURIAM.

This matter is before us on the petition of Jay S. Ross for a writ of certiorari. We shall grant the writ, summarily

vacate the judgment of the Court of Special Appeals, direct that the judgment of the Circuit Court for Montgomery County entered 14 June 1990 be vacated, and remand the case for further proceedings.

This divorce case was initially heard by a domestic relations master in September, 1988. The master recommended that the wife be granted a divorce and custody of the minor child of the parties, and the master addressed matters of visitation and child support. The husband filed exceptions, which were heard and denied, and the matter was again referred to a master for consideration of issues relating to marital property, monetary award, and attorney's fees. No judgment was entered at that time.

The master conducted two days of hearings and filed a 41–page report, making findings of fact concerning the existence and value of marital property and other factors bearing on the questions of a monetary award. He recommended that the wife receive a monetary award of $700,000, which represented 40 percent of the value of all marital property.

The husband filed exceptions challenging, among other things, the master's findings concerning the husband's right to purchase corporate stock, the value of the husband's stock in a closely held corporation, the authority of a court to award the value of stock on an "as, if, and when received" basis, and the husband's alleged dissipation of marital property. The husband requested a hearing on the exceptions. *See* Maryland Rule 2–541(i). Judge Calvin Sanders held a hearing on the exceptions on 16 May 1990. On 25 May he filed an order granting the exceptions in part and directing the wife to submit a proposed order incorporating the decisions made by him and by the judge considering the earlier exceptions. Among other things, Judge Sanders found that the master had incorrectly characterized a right of first refusal to buy stock as a stock option, and had incorrectly included this right as marital property. Judge Sanders also found that the stock owned by the husband should be valued with due regard for limitations

imposed by a binding agreement among stockholders and reduced the value of the stock by $836,499. As a result of these findings, Judge Sanders reduced the monetary award to $490,992. Judge Sanders retired on 31 May 1990.

The wife did not submit a proposed order. Instead, on 7 June she filed a motion to reconsider and a proposed order which would have granted that motion. On 12 June, the husband filed an opposition to the wife's motion and a proposed order denying reconsideration. Also on 12 June, the file was referred to Judge J. James McKenna, who was acting as judge in chambers. On 14 June, Judge McKenna, without a hearing and without an opinion or any reference to the earlier order of Judge Sanders or to the motion for reconsideration, signed and filed a "Judgment of Absolute Divorce" that had been submitted by the master with his findings and recommendations in January. The husband appealed, and the Court of Special Appeals affirmed in part and reversed in part. *Ross v. Ross*, 90 Md.App. 176, 600 A.2d 891 (1992). We now grant the husband's petition for certiorari, vacate the judgments entered by the Court of Special Appeals and by Judge McKenna, and remand for further proceedings.

In *Kirchner v. Caughey*, 326 Md. 567, 606 A.2d 257 (1992), we held that a chancellor ruling on exceptions to the findings and recommendations of a domestic relations master must render an opinion resolving any challenge to the master's findings of fact and reflecting "consideration of the relevant issues and the reasoning supporting the chancellor's independent decisions on those issues." *Id.*, 606 A.2d at 260. *See also Domingues v. Johnson*, 323 Md. 486, 496, 593 A.2d 1133 (1991). Although the effect of Judge McKenna's order in this case was to overrule in part the decision Judge Sanders had made after hearing arguments on the exceptions, and the issues involved were novel and somewhat complex, Judge McKenna did not file an opinion indicating the basis of his action.

The absence of an opinion in this case is of particular concern because without the benefit of an opinion we can-

not be certain why Judge McKenna overruled Judge Sanders' earlier decision. As we have noted, Judge McKenna, as judge in chambers, simply signed a proposed order that had been submitted by the master six months earlier. He did not in any way refer to the motion for reconsideration that had been filed,[1] or, except perhaps implicitly, purport to grant that motion. Although the issues were complicated, and a hearing had been requested when these exceptions were originally filed, Judge McKenna did not afford the parties a hearing; nor does it appear from the record that he obtained a transcript of the hearing held by Judge Sanders. We think it not beyond the realm of possibility that Judge McKenna signed the proposed judgment of divorce thinking it to be the order requested by Judge Sanders, and without being aware that the motion for reconsideration had been filed.

We think it highly unlikely that Judge McKenna would have intentionally taken the action he did without offering the parties a hearing and without in some manner indicating the reason he was overruling Judge Sanders. Vacating the judgments in this case is not, therefore, an action taken in blind adherence to the technical requirements of law, but will permit Judge McKenna to provide a definitive answer to a rather troubling question. If Judge McKenna did not intend to overrule Judge Sanders, he may hear the parties on the wife's motion for reconsideration, or, with the concurrence of the administrative judge, refer the matter to Judge Sanders, who continues to sit from time to time pursuant to the provisions of § 1–302 of the Courts and Judicial Proceedings Article, Maryland Code (1974, 1989 Repl.Vol., 1991 Cum.Supp.). If Judge McKenna did intend to act on the motion for reconsideration, he should afford the parties a hearing on that motion and thereafter file his opinion and an appropriate order.

---

1. We are aware that there is occasionally a lapse in time before pleadings and other papers that have been filed with the clerk catch up to and are physically associated with the case file.

**106**

PETITION FOR CERTIORARI GRANTED; JUDG-MENT OF THE COURT OF SPECIAL APPEALS VACAT-ED; CASE REMANDED TO THAT COURT WITH IN-STRUCTIONS TO VACATE THE ORDER OF THE CIR-CUIT COURT FOR MONTGOMERY COUNTY DATED 14 JUNE 1990 AND TO REMAND THE CASE TO THAT COURT FOR FURTHER PROCEEDINGS; COSTS IN THIS COURT AND IN THE COURT OF SPECIAL AP-PEALS TO ABIDE THE RESULT.